1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW A. CEJAS,

11            Plaintiff,                          No. CIV S-05-1121 MCE KJM P

12       vs.

13   LOU BLANAS, et al.,

14            Defendants.                         ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  On June 6, 2006, the court

17   recommended that this action be dismissed due to plaintiff's failure to file a complaint under 42

18   U.S.C. § 1983.  Plaintiff has now filed a § 1983 complaint.  Therefore, the court will vacate its

19   June 6, 2006 findings and recommendations.

20          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

21   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.00 will be assessed by this

22   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

23   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

24   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

25   preceding month's income credited to plaintiff's prison trust account.  These payments will be

26   /////

1

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in

10   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.

13   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16            A complaint, or portion thereof, should only be dismissed for failure to state a

17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21   complaint under this standard, the court must accept as true the allegations of the complaint in

22   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25            Plaintiff's complaint will be dismissed primarily because it is too long, and the

26   claims covered by it are unclear.  Under Federal Rule of Civil Procedure 8(a)(2) complaints

generally must be short and plain.  Plaintiff's complaint is 104 pages long and contains much irrelevant or duplicative information.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff is attempting to plead a claim based on denial of access to the courts, an inmate has a constitutionally protected right of meaningful  access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  It is not enough, however, for an inmate to allege some abstract interference; instead, he must show "actual injury" to his rights.  Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff also appears to claim prison officials interfered with his legal mail.  It is an open question in this Circuit as to whether allegations that prison officials have opened and inspected legal correspondence outside the presence of an inmate state a claim for relief. Sherman v. MacDougall, 656 F.2d 527 (9th Cir 1981).   However, a  claim of interference with legal mail may implicate an inmate plaintiff's First Amendment right of access to the courts or right to correspond with counsel.   Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

As for plaintiff's apparent claim regarding an alleged denial of his First Amendment right to free exercise of religion, prisoners do retain the First Amendment right to free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  Nevertheless,

1  limitations on a prisoner's free exercise rights arise both from the fact of incarceration and from

2  valid penological objectives. Id.; McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir.1987).  In order

3  to establish a violation of the First Amendment right to free exercise of religion, a prisoner must

4  show the defendants burdened the practice of his religion by preventing him from engaging in

5  conduct mandated by his faith, without any justification reasonably related to legitimate

6  penological interests. Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997). "In order to reach the

7  level of a constitutional violation, the interference with one's practice of religion must be more

8  than an inconvenience; the burden must be substantial and an interference with a tenet or belief

9  that is central to religious doctrine." Id. at 737 (internal quotations and citations omitted).

10 Plaintiff's allegations, to date, that he sought a single cell so he would not be housed with

11 someone who violated the edicts of his religion, without an allegation that such housing would

12 burden his own practice of his faith, do not state a viable claim.

13         Plaintiff also seems to allege a retaliation claim.  Plaintiff is advised that

14 retaliatory actions taken against a prisoner for exercising his First Amendment rights may violate

15 the constitution whether or not the underlying misconduct would establish a constitutional

16 violation.

17         Within the prison context, a viable claim of First Amendment
           retaliation entails five basic elements: (1) An assertion that a state
18         actor took some adverse action against an inmate (2) because of (3)
           that prisoner's protected conduct, and that such action (4) chilled
19         the inmate's exercise of his First Amendment rights, and (5) the
           action did not reasonably advance a legitimate correctional goal.
20

21 Rhodes v. Robinson, 408 F.3d 559, 567-68  (9th Cir.  2005) (footnote omitted).  An allegation of

22 harm, rather than of chill, may be a sufficient basis for a claim of retaliation.  Pratt v.  Rowland,

23 65 F.3d 802, 807 (9th Cir.  1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th

24 Cir.1989).

25         Plaintiff is informed that the court cannot refer to a prior pleading in order to

26 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a

2  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6          With respect to the length of his amended complaint plaintiff is informed as

7  follows.  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of

8  Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with

9  redundancy, and largely irrelevant.  It consists largely of immaterial background information."

10 The court observed the Federal Rules require that a complaint consist of "simple, concise, and

11 direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

12 negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

13          1.  Allegation of jurisdiction.

14          2.  On June 1, 1936, in a public highway, called Boylston Street, in
            Boston Massachusetts, defendant negligently drove a motor
15          vehicle against plaintiff, who was then crossing said highway.

16          3.  As a result plaintiff was thrown down and had his leg broken,
            and was otherwise injured, was prevented from transacting his
17          business, suffered great pain of body and mind, and incurred
            expenses for medical attention and hospitalization in the sum of
18          one thousand dollars.

19          Wherefore plaintiff demands judgment against defendant in the
            sum of one thousand dollars.

20

21 Id.

22          Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B.

23 White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

24          Plaintiff's complaint suffers from many of the same problems as the pleading

25 dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of

26 what legal claims are asserted against which defendants."  Id. at 1176.  As in McHenry,

5

1  "[p]rolix, confusing complaints such as the ones plaintiff filed in this case impose unfair burdens

2  on litigants and judges."  Id. at 1179.

3            In accordance with the above, IT IS HEREBY ORDERED that:

4            1.  The court's June 6, 2006 findings and recommendations are vacated.

5            2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6            3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

7  Plaintiff is assessed an initial partial filing fee of $2.00.  All fees shall be collected and paid in

8  accordance with this court's order to the Director of the California Department of Corrections

9  and Rehabilitation filed concurrently herewith.

10           4.  Plaintiff's complaint is dismissed.

11           5.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13  Rules of Civil Procedure, the Local Rules of Practice and this order; the amended complaint

14  must bear the docket number assigned this case and must be labeled "Amended Complaint";

15  plaintiff must file an original and two copies of the amended complaint; failure to file an

16  amended complaint in accordance with this order will result in a recommendation that this action

17  be dismissed.

18           6.  The Clerk of Court is directed to send plaintiff the form for use in filing civil

19  rights actions in this district.

20  DATED:  May 8, 2007.

21  _____

22  U.S. MAGISTRATE JUDGE

23  1
    ceja1121.14(6.26.06)

24

25

26