IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

        Plaintiff,                      No. CIV S-05-1121 MCE KJM P

   vs.

LOU BLANAS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 9, 2007, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The second amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his First Amendment–denial of free exercise of religion and RLUIPA[1] claims against defendant Iwasa. Therefore, the court will order service of process upon defendant Iwasa. With respect to the

---

[1] Religious Land Use and Institutionalized Persons Act.

1  other defendants and claims identified in plaintiff's second amended complaint, plaintiff's
2  second amended complaint fails to state a claim upon which relief can be granted.

3        Plaintiff asks that this action proceed as a class action under Rule 23 of the
4  Federal Rules of Civil Procedure with respect to similarly situated plaintiffs.  Plaintiff, however,
5  is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot
6  ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th
7  Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is
8  incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).
9  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as
10  required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf,
11  420 F. Supp. 779 (D.D.C. 1976).  Therefore, plaintiff's motion for class certification will be
12  denied.

13        In accordance with the above, IT IS HEREBY ORDERED that:
14        1. Service is appropriate for defendant Iwasa.
15        2. The Clerk of the Court shall send plaintiff a USM-285 form, a summons, an
16  instruction sheet and a copy of the second amended complaint filed July 26, 2007.
17        3. Within thirty days from the date of this order, plaintiff shall complete the
18  attached Notice of Submission of Documents and submit the following documents to the court:
19          a. The completed Notice of Submission of Documents;
20          b. One completed summons;
21          c. One completed USM-285 form; and
22          d. Two copies of the endorsed amended complaint filed July 26, 2007.
23        4. Plaintiff need not attempt service on defendant Iwasa and need not request
24  waiver of service.  Upon receipt of the above-described documents, the court will direct the
25  /////
26  /////

1 | United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil
2 | Procedure 4 without payment of costs.
3 | DATED: January 9, 2008.

_____
U.S. MAGISTRATE JUDGE

1
ceja1121.1(7.26.07)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

    Plaintiff,                    No. CIV-S-05-1121 MCE KJM P

  vs.

LOU BLANAS, et al.,                    NOTICE OF SUBMISSION

    Defendants.                  OF DOCUMENTS
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                           Second Amended Complaint

DATED:

                                                _____
                                                Plaintiff